## West Chicago Park Commissioners v. W. H. Barber, use of International Cement Co.

1. CONTINUANCE—*Defective Affidavit*—An affidavit for a continuance, which fails to set up any matter which could not be proved by witnesses present, except matters not material to the issue, is insufficient.

2. PARK COMMISSIONERS—*Rules Not Part of Contracts.*—The rules and regulations of the West Chicago Park Commissioners do not enter into and form a part of a contract made with a party for the laying of asphalt sidewalks.

3. SAME—*Certificate of Engineer Competent.*—Where, by the terms

of a contract for laying a sidewalk, the work was to be done subject to the inspection, approval or rejection of the engineer of the Park Commissioners, his certificate is admissible in a suit to recover under the terms of the contract for laying the walk.

**Assumpsit,** for work, labor, etc. Appeal from the Superior Court of Cook County; the Hon. Jonas Hutchinson, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### Statement of the Case.

On the 11th day of May, 1895, judgment was rendered in the Superior Court of Cook County against the West Chicago Park Commissioners, a municipal corporation, upon a verdict for $576.34, in favor of one W. H. Barber. The suit was in assumpsit, upon the common counts, for a balance alleged to be due the plaintiff for the laying of an asphalt sidewalk, under a written contract with the park board. The defense interposed set up that the work, in fact, had not been finished by the plaintiff, but that he had quit the same before its completion; and, further, that the defendant had, thereupon, under the terms of the agreement, contracted with other parties to complete it, and had paid them therefor.

The cause being called for trial, the defendant moved for a continuance, on the ground of the absence of a material witness, which motion the court overruled and the defendant was forced to trial. The principal points relied upon for a reversal by the appellant, are, that the court erred in denying the motion for a continuance, and, further, that during the trial of the case the evidence proffered by the defendant, in the line of the above defense, was improperly excluded.

Edward T. Noonan, attorney for appellant.

David S. Geer, attorney for appellee, contended that the affidavit should show to the satisfaction of the court, that the presence of the absent witness is necessary for a full and fair defense to the suit. Duncan v. Niles, 32 Ill. 541, 542.

The affidavit is defective because it appears that the facts sought to be proved by the absent witness can be established by the officers of the company, but no effort is made to get them into court.    Eames v. Hennessy, 22 Ill. 628.

It does not disclose a meritorious defense, and in this respect is insufficient.    Ballston Bank v. Marine Bank, 16 Wis. 125.

It is insufficient in not affirmatively disclosing the materiality and admissibility of the evidence, and due diligence, and a positive showing that the absent witness would be produced at a future term.    The discretion of the trial judge in refusing a continuance on such an affidavit will not be disturbed.    Shirwin v. People, 69 Ill. 55.

It should affirmatively appear that due diligence has been used to obtain the testimony of the witness.    Dunlap v. Davis, 5 Gilm. 84.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The affidavit for a continuance fails to set up any matter which could not be proved by other witnesses, save the giving by the plaintiff of certain orders upon the defendant; there was no pretense that these had been accepted by or presented to appellant; the testimony would therefore have been immaterial.

The rules and regulations of appellant did not enter into the contract, and, so far as appears, had nothing to do with this case; the court, therefore, properly refused to admit them in evidence.    The certificate of the engineer of the park commissioners was admissible, because by the terms of the contract the work was to be done subject to his inspection, approval or rejection; and it was further provided that if the rate of progress was satisfactory to him, estimates in the usual form would be issued to the contractor for eighty-five per cent of the value of the work done; the remaining fifteen per cent being reserved until the final completion and acceptance of the work.

Appellee testified that after he completed the work he

received from said engineer the final certificate upon which the action was brought.

So, also, the court properly refused to allow appellant to put in evidence the record of the proceedings of the commissioners. The question before the court was not what record the board had made, but whether appellee was entitled to be paid the amount for which a certificate was given him. Whether appellee had completed his contract, was a matter concerning which appellant did introduce evidence; as to this, the finding was against the appellant.

The judgment of the Superior Court is affirmed.